### 20191. LaGrange Lumber & Supply Company *v.* Gandy Electric Company.

Jenkins, P. J. 1. In a suit on open account for materials and labor alleged to have been furnished to the defendant as a contractor engaged in constructing a building, where the defendant contended that it was not liable for the account, for the reason that it merely took over the construction work for and on behalf of another contractor, and was acting as his agent in doing the work, and there was no issue made by the testimony as to the correctness of the plaintiff's account, it was not error to charge the jury that "the defendant, . . while not disputing the correctness of the account, so far as the amount is concerned," still insisted that it was due the plaintiff nothing.

2. Where the defendant's general manager testified that the person who originally contracted with the owner for the construction of the building "got sick and asked us to take the building over. We agreed to take it over on a cost plus 10 per cent. basis on what we spent from then on, but not what he had on the job already," it was not error to fail to charge the jury that if the defendant was acting as agent for the original contractor, it would not be liable for the account sued on, since the evidence showed without dispute that the defendant was not acting as such agent but as a subcontractor in its own right.

3. It was not error for the court to fail to charge the jury, upon its own motion, that the act of the plaintiff in presenting his bill to the original contractor released the defendant from any liability, since it appeared from the testimony on behalf of the plaintiff that the bill was presented, after the work was completed, to the first contractor, at the instance of the defendant, who informed the plaintiff that the bill would have to be approved by the first contractor before it could be paid, and there is nothing in the testimony for the plaintiff to indicate that he was looking to the first contractor for payment.

4. It was not error to permit the plaintiff to testify that the agent who had charge of defendant's construction work on the building "asked me if I would do the work on a commission basis, and I told him I would," where the plaintiff further testified that the defendant's general manager was present at the time. Moreover, the evidence objected to was admitted with the statement that the court would "let it in for the present, and see what the evidence develops as to" the authority of the defendant's agent, and the record does not indicate that the objection was thereafter renewed, or that any motion to rule out the testimony was thereafter made. *Brooks* v. *Ritch*, 31 *Ga. App.* 539 (121 S. E. 136); *Phillips* v. *State*, 38 *Ga. App.* 648, 650 (145 S. E. 109).

5. The evidence authorized the jury to find that the plaintiff had contracted with the defendant to do the electrical work and furnish the materials therefor; and the verdict can not be set aside on the general grounds.      *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 8, 1930.

*Raymond W. Martin,* for plaintiff in error.   *Duke Davis,* contra.